UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESTER ALBANIS MARRERO-CARDENAS,

Petitioner,

v. Case No.: 2:26-cv-02350-SPC-KRH

MARKWAYNE MULLIN *et al*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Lester Albanis Marrero-Cardenas's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Marrero-Cardenas's reply (Doc. 7).

Marrero-Cardenas is a native of Cuba who entered the United States on April 23, 2021. On July 24, 2023, an immigration judge ordered Marrero-Cardenas removed. Marrero-Cardenas appealed to the Board of Immigration Appeals (BIA), and Immigration and Customs Enforcement (ICE) released him under an order of supervision. On April 30, 2026, local police arrested Marrero-Cardenas for failing to appear on charges of retail fraud and tampering, and ICE issued an immigration detainer. ICE took custody of Marrero-Cardenas on May 13, 2026. Marrero-Cardenas withdrew his BIA appeal on July 23, 2026, which made his removal order administratively final. He now challenges

the lawfulness of his continued detention because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on July 23, 2026. Thus, Marrero-Cardenas's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Lester Albanis Marrero-Cardenas's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 26, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record